## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Alvaro Hernandez, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 838 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Alvaro Hernandez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Alvaro Hernandez ("Hernandez"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer that he allegedly owed for a Beneficial account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset Acceptance"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset Acceptance operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset Acceptance was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset Acceptance is a bad debt buyer, that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6. Defendant Asset Acceptance is authorized to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Asset Acceptance conducts extensive and substantial business in Illinois.

7. Defendant Asset Acceptance is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Asset Acceptance acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Mr. Hernandez is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Beneficial account. At some point in time after that debt became delinquent, Defendant Asset Acceptance bought/obtained Mr. Hernandez's Beneficial debt, and when Defendant

began trying to collect this debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

9. Specifically, Defendant Asset Acceptance hired another debt collector based in Des Plaines, Illinois, namely Asset Recovery Solutions ("ARS"), to demand payment of the Beneficial debt from Mr. Hernandez, which did so by sending him a collection letter, dated February 16, 2012. A copy of the February 16, 2012 letter is attached as Exhibit C.

10. Accordingly, on March 8, 2012, one of Mr. Hernandez's attorneys at LASPD informed Defendant, through Asset Acceptance's agent, ARS, that Mr. Hernandez was represented by counsel, and directed Defendant Asset Acceptance to cease contacting him, and to cease all further collection activities, because Mr. Hernandez was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant Asset Acceptance sent Mr. Hernandez a collection letter, dated November 1, 2012, demanding payment of the Beneficial debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on December 1, 2012, Mr. Hernandez's LASPD attorney had to send Defendant a letter, directing it to cease communications and to cease collections. Copies of these e-mail letters are attached as Group Exhibit F.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Hernandez's agent/attorney, LASPD, told Defendant to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

18. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendant knew, or readily could have known, that Mr. Hernandez was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing, that Mr. Hernandez was represented by counsel, and had directed a cessation of communications with Mr. Hernandez. By sending a collection letter to Mr. Hernandez, despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Alvaro Hernandez, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hernandez, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alvaro Hernandez, demands trial by jury.

Alvaro Hernandez,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 1, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com